**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                                                      Case No. 15-51011-wsd

OAKLAND PHYSICIANS MEDICAL CENTER, L.L.C.          Chapter 11
d/b/a DOCTORS' HOSPITAL OF MICHIGAN,
a Michigan limited liability company,                              Hon. Walter Shapero

                    Debtor.
_____/

**ORDER AMENDING FINAL**
**ORDER (I) AUTHORIZING THE DEBTOR TO**
**OBTAIN POSTPETITION FINANCING ON A SENIOR SECURED,**
**SUPERPRIORITY BASIS, (II) AUTHORIZING THE USE OF CASH**
**COLLATERAL, (III) GRANTING ADEQUATE PROTECTION TO**
**PREPETITION SECURED PARTIES AND (IV) SCHEDULING A FINAL HEARING**

This matter having come before the Court upon the *Chapter 11 Trustee's Motion for*

*Order Amending Final Order (I) Authorizing the Debtor to Obtain Postpetition Financing on a*

*Senior Secured, Superpriority Basis, (II) Authorizing the Use of Cash Collateral, (III) Granting*

*Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing* (the

"**Motion**") [Docket No. 181] filed by Basil T. Simon, the chapter 11 trustee in this case; due

notice of the Motion having been given; the Court having considered the Motion, the support

thereof, any opposition thereto, and the record in this case; and the Court being fully advised in

the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      Except to the extent expressly amended hereby, and by the Amended Term Sheet

and the amended Budget (both as defined in and attached, as Exhibits, to the Motion), the

provisions of the Final Order (I) Authorizing the Debtor to Obtain Postpetition Financing on a

Senior Secured, Superpriority Basis, (II) Authorizing the Use of Cash Collateral, (III) Granting

Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing, (the "**DIP Final Financing Order**") [Docket No.131] remain in full force and effect as stated therein.

3.     Any references in the DIP Final Financing Order to the Term Sheet or the Budget shall be deemed references to the Amended Term Sheet and the amended Budget, respectively, as attached to the Motion.

4.     Nothing in this Order shall be construed to affect either CMS' or the Michigan Department of Health and Human Services' right to make adjustments to payment as authorized by the Medicare Act, the Medicaid provisions in the Social Security Act (42 USC § 1396, et. seq.), or common law recoupment rights nor shall it impair any of the Debtor's claim for reimbursement or defenses against any such rights.

Nothing in this Order is intended to impact, or reduce CMS' or the Michigan Department of Health and Human Services' rights, interests, claims and/or jurisdictional or other defenses or any rights, claims or defenses the Debtor has or may have to the same. Hence, for example, if CMS or the Michigan Department of Health and Human Services has a right to setoff or recoup against payables, the entry of this Order does not impact or change such right, nor does it purport to determine any jurisdictional rights, issues, or interests of CMS, the Michigan Department of Health and Human Services or the Debtor.

The parties agree that neither CMS nor the Michigan Department of Health and Human Services is seeking replacement liens through this Order although both CMS and the Michigan Department of Health and Human Services reserve the right to seek such liens in the future as appropriate and the Debtor reserves its right, as appropriate, to object to the same. The parties acknowledge that nothing in this Order provides CMS nor the Michigan Department of Health

2

and Human Services with adequate protection for its interests or determines whether CMS or the Michigan Department of Health and Human Services is or will be entitled to adequate protection.

In addition, in regard to Debtor's residency program, nothing in this Order shall be construed as impairing CMS' right to address any noncompliance issues, if any, relating to Debtor's and/or Crittenton's Medicare reimbursement, enrollment and/or certification or the right of the Debtor or Crittenton to contest any such compliance issues.

5.      The Amended and Restated DIP Facility Term Sheet is hereby amended as follows:  "December 15, 2015" is hereby deleted in Event of Default (xiv) and replaced with "December 17, 2015".

6.      Any stay of this Order that might otherwise be imposed by Bankruptcy Rule 6004 is hereby waived and this Order shall be effective immediately upon its entry.

.

**Signed on October 28, 2015**

        /s/ Walter Shapero
   **Walter Shapero**
   **United States Bankruptcy Judge**

19543051.2