In re:

OAKLAND PHYSICIANS MEDICAL            Case No. 15-51011-wsd
CENTER, L.L.C. d/b/a DOCTORS'              Chapter 11
HOSPITAL OF MICHIGAN,                        Hon. Walter Shapero

      Debtor.
_____/

## OPINION DENYING ALL OBJECTIONS TO DISCLOSURE STATEMENTS

### Background

Prior to such having been voted upon by the creditors, each of Sant Partners, LLC ("Sant") and the Save the Hospital Group ("SHG"), filed a combined Plan and Disclosure Statement. Each Disclosure Statement received preliminary Court approval, pursuant to the Court's practice in such situations. That preliminary approval was expressly subject to the ability of interested parties to object to such at confirmation (or at another hearing set for that purpose) on the basis that the disclosure statements did not meet the adequate information requirements of 11 U.S.C. § 1125. Around the time of voting on the plans, Sant and SHG (and others) objected to each other's Disclosure Statements, and such objections were set for hearing prior to the confirmation hearing. On or around November 21, 2015, Sant circulated to creditors its Second Amended Combined Plan and Disclosure Statement (Dkt. 268) and SHG circulated to creditors its Second Amended Combined Plan and Disclosure Statement (Dkt. 266). Though the two plan and disclosure statements evolved since being circulated to creditors, disclosure statement objections

1

dealt with respect to the noted "Second Amended" version of each, and the Court's Opinion deals with them accordingly. In any event, the subsequent amendments are not seen as materially adversely affecting the adequacy of disclosure issue and thus would not affect the result.

Following that Disclosure Statement hearing, the Court orally advised the parties that it was denying all Disclosure Statement objections, and the confirmation hearings ensued. This is the formal Opinion incident to the oral notification denying all Disclosure Statement objections. The rationale for this conclusion is primarily rooted in and predicated upon a combination of (1) the definition of "adequate information" in the statute; (2) this Court's published Required Information To Include In The Combined Plan and Disclosure Statement; and (3) a letter to the parties from the Court discussing the disclosure requirements, issued incident to the parties and the Court jointly establishing the procedural framework for the case going forward. Contemporaneously, the Court is also issuing its opinion confirming one of the proposed plans.

The Various Objections to the Sant Disclosure Statement

The Court initially notes that Sant's Disclosure Statement generally and clearly covers and adequately deals with each of the required subjects set forth in the above referred to sources, and does so in considerable detail, including but not limited to (a) a description of Debtor's business and history (pp. 49-50), and (b) Liquidation Analysis, including risks, conditions, and assumptions regarding values (pp. 64-66 and referred-to attachments). The Court concludes the objections of Drs. Short and Singhal are (a) either relatively inconsequential; (b) or go to confirmation issues rather than adequacy of disclosure issues; and (c) when considered in the context of the entire Plan and the Disclosure Statement, permit the Disclosure Statement to be

2

considered as containing sufficient information to enable its recipients to make an informed judgment or choice regarding approval or rejection of the plan. The Court rejects Drs. Short and Singhal's argument that the Sant plan fails to set forth the alternatives explored by Debtor with respect to reorganization, as such is not a requirement of adequate disclosure and/or not necessarily information within Sant's possession or ability to timely and accurately obtain.

SHG's objections relate primarily to questions regarding Dr. Sanjay Sharma and who he is and what he does, such are adequately explained on page 48 of the Sant Disclosure Statement. Furthermore, sub-paragraph (c) above relating to the Drs. Short and Singhal objections is also applicable to these objections.

Global Health Organization Consulting, Inc. also filed an objection to Sant's Disclosure Statement, questioning its lack of clarity as to who are the members of Class 2, the amount of their claims, the treatment of classes 4 and 5, and the means for implementation. The Court also finds such to be confirmation issues, not disclosure statement issues. Also, the Sant Disclosure Statement more than adequately discusses the roles of Sant and Debtor as between each other, and need not, as argued, describe, conclude, or opine on whether such involves a conflict of interest. In any event, sub-paragraph (c) above relating to the Short and Singhal objections also applies equally to these objections.

<u>The Various Objections to the SHG Disclosure Statement</u>

The SHG Disclosure Statement also generally covers and deals with each of the required subjects, though in some instances less expansively or detailed than that of Sant; but nevertheless adequately. Sant argues it fails to provide sufficiently detailed information about the directors

3

who will oversee the reorganized Debtor under its plan. The Disclosure Statement does (1) list the names and positions, annual compensation, and fringe benefits of the proposed Board of Managers (as well as that of proposed officers), as well as the names and experience of those who will be operating the Reorganized Debtor (pp. 22, 25) and also contains adequate information about the current board of directors (p. 16), stating that except for Dr. Singhal (whose postpetition relationship with the Debtor is adequately set forth), the existing directors will not be affiliated with the reorganized Debtor. Sant's concerns about Dr. Singhal's particular role going forward, as an inadequate disclosure issue, are not well taken. If an issue at all, such is only relevant to confirmation. The same is true about Sant's concerns relating to John Oram and an alleged prepetition relationship between his company and the Debtor. There is also a Sant objection to SAG's disclosures relating to the Crittenton Hospital Medical Center claim. Paragraph 2 of the Court's procedures order of November 3, 2015, contained certain specific statements regarding the Crittenton claim and affiliation agreement incident to the preliminary approval of the Disclosure Statement. Despite the preliminary approval, Sant still argues that the disclosures on that subject were non-compliant and inadequate. While it does not appear that SHG's disclosures on that subject were fully disclosed in its Disclosure Statement as such, they are substantially described and referred to and treated specifically in SHG's Plan, in the course of its description and treatment as a defined Class 3 claim. The Crittenton claim was filed as a secured claim with no amount unsecured, and its indicated treatment in SHG's Plan is by way of a specified payment plan. As to the affiliation agreement, the Plan states essentially that a condition precedent to the Effective Date is that SHG, Debtor, and Crittenton agree on the form and substance on whether the agreement will be assumed or a new one proposed. In the Court's

view, on balance, (1) the reference to the claim and affiliation agreement in the Plan itself is adequate and sufficient; (2) the fact that apparently the referred-to affiliation agreement has not yet been finalized is relevant to confirmation, but not the adequacy of disclosure; and (3) any concerns on this particular score are not in any event sufficient to support a finding of inadequate disclosure, in the context of the entire situation.

Sant also argues the lack of complete disclosure of major claims against Debtor's board members. That matter is specifically dealt with in Par. IV, C p. 20 of SHG's Disclosure Statement. It describes them as potential avoidance actions against insiders of the Debtor, i.e. preferential transfers or some made without equivalent value, the value of such being unknown, and further discussing the matter. What was stated is more than a "vague" reference and, given the nature of such, in the Court's view, is sufficiently described and thus meets the disclosure requirements. Sant's other argument of substance deals with its characterization of the commitments of capital required to make the plan work; to wit, that such are not "firm" and not enforceable, and insufficient in amount. SHG's Disclosure Statement, on page 24, lists all of the individuals, included among whom are two proposed officers and one of the Board of Managers, each of their funding amounts, making a reference in that connection to a "signed letter" with respect to same. That too, in the Court's view is adequate disclosure. Whether or not such meet the different confirmation requirements is another story and one more properly dealt with in context of confirmation itself.

Sant also refers to the referred to letter from the Court relating to its disclosure statement requirements and the alleged failure of SHG's Disclosure Statement to meet all of them. Keeping in mind that the letter was dated November 16, 2015, almost coincident with the required or

5

extended date of filing of the Amended Plan and Disclosure Statements, and the somewhat constricted time procedural frame the parties decided upon (and the Court agreed to), and their desires to obtain in advance if possible the Court's views on what had recently been filed, and the hearing scheduled for November 17, 2015, any failure to have strictly followed what the Court indicated in that letter, (1) can be excused; and (2) would not in any event be a basis for concluding a disclosure statement as a whole violated the statute and the Court's other stated requirements. Also, the Sant objection to SHG's incorporation by reference in the SHG Disclosure Statement of aspects of the Sant Disclosure Statement (rather than having such repeated essentially verbatim in the SHG statement), is not fatal. The same goes for the asserted objection as to the lack of terms in the SHG Disclosure Statement. While it might be useful to specifically define utilized words or terms, it is not mandatory and their common meaning will suffice for disclosure purposes if they are not.

Global Health Organization Consulting, Inc. also filed an objection to SHG's Disclosure Statement, questioning its lack of clarity as to who are the members of Class 2, the amount of their claims, the treatment of classes 4 and 5, and the means for implementation. The Court also finds such to be confirmation, not disclosure statement, issues.

It is noteworthy that of the roughly $14,100,000.00 of total unsecured debt listed in Debtor's schedules, some $13,832,000.00 or some 98.6% are included on the list of the 20 largest unsecured creditors in this case (although that list omits creditors who are insiders of Debtor, at least two of whom hold large unsecured claims). In any event, the major unsecured creditors are relatively sophisticated individuals or entities – which is a relevant consideration. Some 100 other creditors hold the remaining portion of that total debt. Those facts are relevant to the

6

15-51011-mlo    Doc 469    Filed 02/02/16    Entered 02/02/16 15:10:25    Page 6 of 7

adequacy of disclosure statement issue and are seen by the Court as reinforcing its indicated reasoning and conclusions.

Conclusion

For the foregoing reasons, as previously announced, all of the objections to the adequacy of each of the two Disclosure Statements are denied. Insofar as any adequacy of disclosure objection is not specifically discussed in this Opinion, the Court deems such to have been duplicative, inconsequential, and/or more properly dealt with in the context of confirmation. The Court is contemporaneously entering the appropriate order effectuating that conclusion.

**Signed on February 02, 2016**

```
                                /s/ Walter Shapero
                           Walter Shapero
                           United States Bankruptcy Judge
```